J. A20008/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PRUDENTIAL FOX ROACH, | : | |
| HON. ALLAN TERESHKO, | : | |
| HON. IDEE FOX, | : | |
| HON. PAMELA PRYOR DEMBE, | : | |
| HON. WILLIAM MANFREDI, | : | |
| HON. GARY GLAZER, | : | |
| WILLIAM LEDERER, JOANNE DAVIDOW, | : | |
| VICKI GOLDBERG, FRANK DeFAZIO, | : | |
| REGER, RIZZO & DARNALL, | : | No. 1301 EDA 2013 |
| LOUIS RIZZO, RICHARD DARNALL AND | : | |
| JASON SWEET | : | |

Appeal from the Order Entered April 1, 2013,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 01944 Oct. Term 2012

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND MUSMANNO, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 17, 2014**

Although we could dismiss this appeal based on appellant's incomprehensible brief being in violation of the Rules of Appellate Procedure, instead, we affirm on the basis of the trial court's Rule 1925 Opinion, which was filed July 22, 2013.  Additionally, since the judicial officers listed as appellees were never properly served below, we dismiss them from the appeal.

Order affirmed.

J. A20008/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

JOAN LICHTMAN
  Plaintiff
                 OCTOBER Term, 2012
  V               No.: 01944

PRUDENTIAL FOX ROACH, *et al*
  Defendants

---

SUPERIOR COURT          1301, 1425 EDA 2013

---

## MEMORANDUM OPINION PURSUANT TO Pa. R.A.P. 1925(b)

### I. FACTS/PROCEDURAL HISTORY

Plaintiff commenced a fraudulent conveyance action in Philadelphia County by complaint on October 12, 2012. As is the process in this county, a Case Management Conference was scheduled for January 29, 2013. The purpose of the Case Management Conference is:

> to obtain early disclosure of basic information about each case so that it can be managed more effectively. This conference is <u>mandatory</u>; all counsel of record and <u>*unrepresented parties must*</u> attend. Failure to attend the conference could result in entry of an Order for Rule Returnable to Show Cause why the matter should not be *non-prossed* or why sanctions should not be imposed.

*Civil Administration At A Glance 2005-2006.* Sec. 2, p. 3 (emphasis added).

On January 21, 2013, Plaintiff faxed a letter to the Honorable Arnold L. New requesting a continuance of the Case Management Conference. In this—and other documents submitted by plaintiff—Plaintiff ties, *inter alia*, her participation with a guarantee from the court of "physical and financial" safety. See Plaintiff's Memorandum of Law, p. 7 ("Plaintiff timely, and repeatedly, notified the court in detail regarding the reasons why Plaintiff would be unable to be in Court, in person, <u>unless</u> the Court ensured both Plaintiff's physical and financial safety"); Motion for Reconsideration and to Strike/Open Judgment: Exhibit E - January 21, 2013 letter, p.

Lichtman Vs Prudential Fox Roach Etal OPFL13



6-7 ("...even were Your Honor to ensure my safety and the return of my illegally seized home, property, assets and money, along with the means for me to return to Philadelphia for purposes of attending court...").

Plaintiff also provided that the continuance request was so that the court could "address underlying issues in the case before requiring a Case Management conference."[1] Plaintiff's 1925(b) Statement and Issues to Be Raised on Appeal, p. 1. Plaintiff wrote, "Moreover, were [the defendants] forced by this Court to obey the law, my home, property, money and assets will be returned, immediately, in full and intact. ... In light of the perjury and the incontrovertible third-party evidence ...I respectfully request that Your Honor vacate the eviction." Motion for Reconsideration and to Strike/Open Judgment: Exhibit E – January 21, 2013 letter, p. 6 Plaintiff's request for a continuance was denied on January 28, 2013.

On January 29, 2013, failed to appear for the mandatory Case Management Conference termed "avoidable" by the Plaintiff. See Statement of Matters Complained of on Appeal, p. 2. On February 5, 2013, the court issued a Rule to Show Cause upon Plaintiff as to why sanctions should not be imposed for plaintiff's counsel's failure to appear at Case Management Conference for March 28, 2013. Plaintiff filed a reply providing that she did not have legal counsel.

On March 28, 2013, Plaintiff failed to appear in response to the Rule. Plaintiff's case was dismissed with prejudice. An appeal was filed on April 24, 2013.

On April 10, 2013, Plaintiff filed a Motion for Reconsideration and to Strike/Open Judgment. In her motion, Plaintiff attempts to persuade this court to recognize a favored status for plaintiff's of a certain economic status. On April 29, 2013, this court denied Plaintiff's Motion for Reconsideration and to Strike/Open Judgment. An appeal of this Order was filed on April 29, 2013.

---

[1] As of January 29, 2013, no affidavit of service was docketed; no answer filed.

2

In response to Plaintiff's appeals, on May 1, 2013, this court issued an order directing Plaintiff to file a "concise statement of errors complained of on appeal". On May 14, 2013, a timely, yet lengthy, statement was filed. In disregard of the court's directive, plaintiff produced a 6-page Statement not limited to the errors complained of on appeal. Plaintiff argues that the court has escalated plaintiff's premature death; aids and abets a variety of criminal acts; condemns plaintiff to live in the sewers of Philadelphia and sentenced the plaintiff to death. See Plaintiff's Statement of Issues to be Raised on Appeal.

## II. DISCUSSION

### A. All Issues Should be Waived.

Pennsylvania Rules of Appellate Procedure, §1925(b)(4) provides that:

(i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.

(iii) The Statement shall not be redundant or provide lengthy explanations as to any error.

(vii) Issues ... not raised in accordance with the provisions of this paragraph (b)(4) are waived.

The court finds that plaintiff's lengthy diatribe, titled Statement of Issues to Be Raised on Appeal, effectively thwarted this court from meaningful review of the errors complained of on appeal.

Plaintiff's Statement is a continued effort to seek elevated status and override the entire judicial processes to obtain a favorable result—personal to Plaintiff. The Plaintiff includes material wholly irrelevant to the current appeals in an attempt to have this court issue orders based upon emotions rather than the facts of the case. The remainder of the document contains

5

conclusions drawn by the Plaintiff based upon her perceptions, real or imagined.

Should the appellate court not deem the issues waived upon appeal and grant review, this court offers the following as explanation for the two orders on appeal.

With respect to the Order of March 28, 2013, dismissing plaintiff's action with prejudice, plaintiff was directed to appear before the court to explain why no one appeared at the scheduled Case Management Conference. Plaintiff failed to appear for the Rule as directed.

For the Order of April 29, 2013 denying plaintiff's motion for reconsideration or to strike the judgment non pros, the court denied Plaintiff's request to Strike and/or Open the Judgment Non Pros as no judgment *non pros* was entered.

### B. CONCLUSION

Plaintiff's statement is subject to waiver pursuant to Pa. R.A.P. §1925(b) and should be so dismissed. In the alternative, the court's two Orders should be affirmed for the above provided reasons.

BY THE COURT:

DATE 7/22/13

ALLEN, J